CA NO. 11-99003

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL,<br>Petitioner-Appellant,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent-Appellee. | DC No. CV 09-8089-MHM |

# APPELLANT'S MOTION FOR 40-DAY EXTENSION OF TIME TO FILE OPENING BRIEF

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

SEAN K. KENNEDY
Federal Public Defender
GIA KIM
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4408
Facsimile: (213) 894-0081

Attorneys for Defendant-Appellant

# APPELLANT'S MOTION FOR 40-DAY EXTENSION OF TIME TO FILE OPENING BRIEF

Appellant Lezmond Mitchell, by and through his attorney of record, Deputy Federal Public Defender Gia Kim, hereby moves the Court for a 40-day extension of time, to May 14, 2012, within which to file his opening brief in this capital case. This motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b). It is based on the attached declaration of counsel, the files and records in this case, and any further information that the Court may request.

Counsel for appellant emailed counsel for the government regarding this motion on March 26. Counsel for the government stated that appellee strenuously objects to the requested extension.

March 26, 2012

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

By: s/ *Gia Kim*
GIA KIM
Deputy Federal Public Defender

DECLARATION OF GIA KIM

I declare under penalty of perjury that, to the best of my knowledge, this is true:

1. I am a Deputy Federal Public Defender in the Central District of California. I represent appellant Lezmond Mitchell in this capital appeal, *Mitchell v. United States*, C.A. No. 11-99003, and have been assigned the responsibility for preparing Mr. Mitchell's opening brief. Mr. Mitchell's opening brief is currently due on April 2, 2012. Appellant has previously received 180-day, 90-day, and 60-day extensions of time to file the opening brief. For reasons related to the complexity of this capital case and recent leave for personal and family illness, appellant requests an additional 40-day extension of time, to May 14, 2012, within which to file the opening brief.

2. The court reporter is not in default with regard to any designated transcripts.

3. This appeal concerns the district court's denial of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in a capital case. To the best of my knowledge, this is the first capital Section 2255 appeal in this Court. The Office of the Federal Public Defender for the Central District of California ("FPD") did not represent Mr. Mitchell at trial or on direct appeal in this case. Although FPD attorneys from the capital habeas unit did represent Mr. Mitchell in his Section 2255 proceedings before the district court, I was not among them. I am a member of the FPD's appeals unit, and I was assigned to handle the Section 2255 appeal.

4. Because I clerked for a judge of this Court while Mr. Mitchell's

direct appeal of his conviction and sentence (CA No. 03-99010) was pending, I was required to file an Application for Exemption from Circuit Rule 46-5 and could not participate or assist in Mr. Mitchell's appeal until that exemption was granted on April 1, 2011. (CR 4.) In compliance with Circuit Rule 46-5, I did not review the FPD's files in this case or consult with the attorneys who represented Mr. Mitchell in the district court until after April 1, 2011.

5. This capital case involves a large record and many issues:

a.) The docket of Mr. Mitchell's trial and sentencing proceedings in district court (CR 01-1062) contains more than 500 entries. The docket of the Section 2255 proceedings in district court (CV 09-8089-MHM) contains more than 60 additional entries.

b.) The trial record in this case includes 49 transcripts, including 4,209 pages of transcripts from Mr. Mitchell's 26-day trial in federal district court.

c.) Mr. Mitchell's Amended Section 2255 motion raises 28 challenges to his conviction and/or sentence and includes 171 exhibits. (CR 30, 60, CV 09-8089-MHM). Although the district court granted a certificate of appealability as to only three claims (CR 56 at 62, CV 09-8089-MHM), I had to research and review all 28 claims to determine whether to brief any uncertified issues pursuant to Circuit Rule 22-1(e).

d.) The parties filed oversized briefs in Mr. Mitchell's direct appeal from the conviction and death sentence (CR 81, 83, 90, CA 03-99010), and I anticipate that I will seek to file an

oversized opening brief in this appeal as well.

6. I have exercised diligence in this and other matters before this Court and other courts:

a.) I have completed reviewing the extensive trial and Section 2255 pleadings and transcripts.

b.) I have researched all 25 uncertified claims in Mr. Mitchell's petition.

c.) Since the last extension was granted, I have completed a rough draft of the statement of facts, the three certified issues, and all but one of the uncertified issues I currently plan to raise. The current draft is more than 37,000 words.

d.) Since the last extension was granted, I filed objections to a Magistrate Judge's Report and Recommendation issued in a Section 2254 case that had been pending since October 2008. *Lewis v. Adams*, CV 08-3527 (FMO) (C.D. Cal.). Filing the objections, which were due in 14 days, required me to refresh my knowledge of the record and review significant new cases on AEDPA that were decided since the case was briefed in 2008.

e.) I have been unable to work for all or part of eight days this month due to the illness of my child and personal illness.

7. Because of the complex nature of this capital case, I will require additional time to prepare the appellant's opening brief in this case. A 40-day extension would extend the due date for filing the opening brief to May 14, 2012.

I have exercised diligence in this matter, and I anticipate being able to file the opening brief and excerpts by May 14, 2012. Specifically, the 40-day extension should be sufficient for me to complete the following tasks:

a.) Finish drafting the uncertified issues and procedural issues;

b.) Make substantial edits to the draft in terms of word count;

c.) Circulate the draft both internally, to the head of the Federal Public Defender's appeals unit and to Capital Habeas Unit attorneys who litigated this case in district court, and externally, to members of the Federal Capital Appellate Resource Counsel and the 2255 Project, which provide consultation and assistance in capital appeals and capital 2255 cases;

d.) Prepare the excerpt of records, including significant redactions of the transcripts required by rule. *See* Fed. R. App. Proc. 25(a)(5); Fed. R. Crim. Proc 49.1(a) (requiring redaction of minors' names).

8. On March 26, 2012, I emailed Assistant United States Attorney Vincent Kirby, counsel for appellee, for his position on this motion. Mr. Kirby indicated that the government strenuously objects to the requested extension.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2012, at Los Angeles, California.

s/ *Gia Kim*
GIA KIM