CA NO. 11-99003

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEZMOND C. MITCHELL,<br>Petitioner-Appellant,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent-Appellee. | **DEATH PENALTY CASE**<br>DC No. CV 09-8089-MHM |

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAY 16 2012
FILED
DOCKETED
DATE INITIAL

# APPELLANT'S STATUTORY ADDENDUM

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

SEAN K. KENNEDY
Federal Public Defender
STATIA PEAKHEART
JONATHAN C. AMINOFF
GIA KIM
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4408
Facsimile (213) 894-0081

Attorneys for Petitioner-Appellant

# TABLE OF CONTENTS

Page

**Federal Statutes and Rules**

Federal Death Penalty Act, 18 U.S.C. § 3592 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rules Governing Section 2255 Cases in the United States District Courts, Rule 12, 28 U.S.C.A. foll. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Local Rules**

*"Good Cause" Jurisdictions*

D. Ariz. Loc. Civ. R. 39.2, D. Ariz. Loc. Crim. R. 24.2 . . . . . . . . . . . . . . . . 3

S.D. Fla. R. 11.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

E.D. La. Loc. Civ. R. 47.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

W.D.N.C. Loc. Civ. R. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

E.D. Va. Civ. R. 47, E.D. Va. Crim. R. 24 . . . . . . . . . . . . . . . . . . . . . . . . 7

W.D. Va. R. 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*"Leave of Court" Jurisdictions*

E.D. Ark. Loc. R. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

W.D. Ark. Loc. R. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

D. Conn. Civ. R. 83.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.D. Ga. Loc. Civ. R. 47.3, N.D. Ga. Loc. Crim. R. 47.3 . . . . . . . . . . . . . 12

S.D. Ga. Loc. R. 83.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

N.D. Ill. Loc. Crim. R. 31.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

N.D. Ind. Loc. R. 47-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

N.D. Iowa Loc. Civ. R. 47, N.D. Iowa Loc. Crim. R. 24.1 . . . . . . . . . . . . 16

D. Md. Loc. Civ. R. 107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**18 U.S.C. § 3592. Mitigating and aggravating factors to be considered in determining whether a sentence of death is justified**

**(a) Mitigating factors.**--In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:

**(1) Impaired capacity.**--The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.

**(2) Duress.**--The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.

**(3) Minor participation.**--The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.

**(4) Equally culpable defendants.**--Another defendant or defendants, equally culpable in the crime, will not be punished by death.

**(5) No prior criminal record.**--The defendant did not have a significant prior history of other criminal conduct.

**(6) Disturbance.**--The defendant committed the offense under severe mental or emotional disturbance.

**(7) Victim's consent.**--The victim consented to the criminal conduct that resulted in the victim's death.

**(8) Other factors.**--Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

. . . .

**District of Arizona**

**LR Civ 39.2. Communications with trial jurors.**
(a) Before or During Trial. Absent an order of the Court and except in the course of in-court proceedings, no one shall directly or indirectly communicate with or cause another to communicate with a juror, prospective juror, or member of such juror's or prospective juror's family before or during a trial.

(b) After Trial. Interviews with jurors after trial by or on behalf of parties involved in the trial are prohibited except on condition that the attorney or party involved desiring such an interview file with the Court written interrogatories proposed to be submitted to the juror(s), together with an affidavit setting forth the reasons for such proposed interrogatories, within the time granted for a motion for a new trial. Approval for the interview of jurors in accordance with the interrogatories and affidavit so filed will be granted only upon the showing of good cause. See Federal Rules of Evidence, Rule 606(b). Following the interview, a second affidavit must be filed indicating the scope and results of the interviews with jurors and setting out the answers given to the interrogatories.

(c) Juror's Rights. Except in response to a Court order, no juror is compelled to communicate with anyone concerning any trial in which the juror has been a participant.

**LR Crim 24.2. Communications with trial jurors.**
With regard to communications with trial jurors, see Rule 39.2, Local Rules of Civil Procedure.

**Southern District of Florida**

**RULE 11.1 ATTORNEYS**

(e) Relations With Jury. Before, during, and after the trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Provided, however, after the jury has been discharged, upon application in writing and for good cause shown, the Court may allow counsel to interview jurors to determine whether their verdict is subject to legal challenge. In this event, the Court shall enter an order limiting the time, place, and circumstances under which the interviews shall be conducted. The scope of the interviews should be restricted and caution should be used to avoid embarrassment to any juror and to avoid influencing the juror's action in any subsequent jury services.

**Eastern District of Louisiana***

**Local Civil Rule 47-Jurors**

**LR 47.5 Interviewing Jurors**
(A) A juror has no obligation to speak to any person about any case and may refuse all interviews or comments.
(B) No person may make repeated requests to interview or question a juror after the juror has expressed a desire not to be interviewed.
(C) Except by leave of court granted upon motion for good cause shown, no attorney or party to an action or anyone acting on their behalf may examine or interview any juror. Any juror who consents to be interviewed must not disclose any information concerning:

(1) The specific vote of any juror other than the juror being interviewed;
(2) The jury deliberations; or
(3) Evidence of improprieties in the jury's deliberations, except as to whether
    (a) extraneous prejudicial information was improperly brought to the juror's attention;
    (b) any outside influence was improperly brought to bear upon any juror; or
    (c) there was a clerical mistake in entering the verdict on the verdict form.

* There is no local criminal rule equivalent to the civil rule on contacting jurors; there is no clear indication from the rules that the above civil rule applies in the criminal context."

**Western District of North Carolina***

**Local Civil Rule 47:**

**LR 47.1 CONTACT WITH JURORS**

(D) No attorney or party to an action shall personally or through their designees, directly or indirectly, interview, examine or question any juror, relative, friend or associate thereof during the pendency of the trial or with respect to the deliberations or verdict of the jury in any action, except on leave of the presiding judge upon good cause shown. Incidental contacts with jurors during the course of trial, such as the exchange of pleasantries, are likely due to close confines of the courthouse and do not violate this rule. Contacts of substance, however, should be promptly reported by the attorney or pro se party to the presiding judge outside the hearing of the jury.

* There is no local criminal rule equivalent to the civil rule on contacting jurors, and there is no indication from the rules that the above civil rule applies in the criminal context.

**Eastern District of Virginia**

**Civil:**
**Rule 47. Jurors.**
(C) Communication with Jurors: No attorney or party litigant shall personally, or through any investigator or any other person acting for the attorney or party litigant, interview, examine, or question any juror or alternate juror with respect to the verdict or deliberations of the jury in any civil action except on leave of Court granted upon good cause shown and upon such conditions as the Court shall fix.

**Criminal:**
**Rule 24. Trial Jurors.**

(C) Communication With Jurors: No attorney or party litigant shall personally, or through any investigator or any other person acting for the attorney or party litigant, interview, examine, or question any juror or alternate juror with respect to the verdict or deliberations of the jury in any criminal action except on leave of Court granted upon good cause shown and upon such conditions as the Court shall fix.

## Eastern District of Arkansas

**Local Rule 47.1**
Conditions for Juror Contact:
No juror shall be contacted without express permission of the Court and under such conditions as the Court may prescribe.

**District of Connecticut**

(Local Rule 83.5 applies to civil and criminal)

**Civil:**
**83.5. Secrecy of Jury Deliberations.**
1. Trial Jurors

(a) No person, other than the Court or Court personnel, shall contact or communicate with, directly or indirectly, a juror, potential juror or excused juror, or any relative, friend or associate of any such juror, during jury selection or trial, concerning the subject matter of the trial or the juror's participation in the trial, except with the permission of and under the supervision of the Court.

(b) Jurors have no obligation to speak to any person about any case and may refuse all interviews or requests to discuss the case. Jurors may only speak or write about their own participation in the trial. Jurors may not discuss the deliberations of the jury, votes of the jury, or the actions or comments of any other juror. However, jurors shall report to the Court any extraneous prejudicial information improperly brought to the jury's attention, any outside influence improperly brought to bear upon any juror, or whether the verdict reported was the result of a clerical mistake.

(c) No party, and no attorney or person acting on behalf of a party or attorney, shall question a juror concerning the deliberations of the jury, votes of the jury or the actions or comments of any other juror.

(d) No person may contact, communicate with or interview any juror in any manner which subjects the juror to harassment, misrepresentation, duress or coercion.

2. Juror Information
The Clerk shall make available to counsel and pro se parties participating in jury selection the responses to juror questionnaires of those prospective jurors participating in jury selection. Other individuals may request such information in accordance with the District's Jury Plan.

3. Grand Jurors
No person, other than those authorized under Fed. R. Crim. P. 6 or Court personnel, shall contact or communicate with, directly or indirectly, a grand juror, potential grand juror, or excused grand juror at any time concerning the subject matter of the grand jury proceedings or the juror's participation in the grand jury proceedings. Grand jurors shall also comply with Fed. R. Crim P. 6.

4. Violations
A violation of this rule may be treated as a contempt of Court. The Court shall have continuing supervision over communications with jurors, even after a trial has been completed.

**Northern District of Georgia**

**Civil:**
**LR 47.3 RESTRICTED CONTACT WITH JURORS**
During trial or after the conclusion of a trial, no party, agent or attorney shall communicate with any members of the petit jury, including alternate or excused jurors, before which the case was tried without first receiving permission of the court.

**Criminal:**
**LCrR 47.3 RESTRICTED CONTACT WITH JURORS**
During trial or after the conclusion of a trial, no party, agent or attorney shall communicate with any members of the petit jury, including alternate or excused jurors, before which the case was tried without first receiving permission of the court.

**Southern District of Georgia**

**LR 83.8. Relations with jury.**
All attempts to curry favor with juries by fawning, flattery, or pretending solicitude for their personal comfort are unprofessional. Suggestions of counsel, looking to the comfort or convenience of jurors and propositions to dispense with argument or peremptory challenges, should be made to the Court out of the presence of the jury or its hearing. Before and during the trial, a lawyer shall avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. No party, attorney, or other person shall, without Court approval, make or attempt any communication relating to any feature of the trial of any case with any regular or alternate juror who has served in such case, whether or not the case was concluded by verdict.

## Northern District of Illinois

**LCrR31.1. Contact With Jurors**

After the conclusion of a trial, no party, agent or attorney shall communicate or attempt to communicate with any members of the petit jury before which the case was tried without first receiving permission of the court.

**Northern District of Indiana**

**L.R. 47-2 Communication with Jurors**
(a) Communication Forbidden. Ordinarily, no party or attorney (or any of their employees or agents) may communicate off the record with:

(1) a member of the jury pool; or
(2) a juror during trial, during deliberations, or after a verdict.

(b) Exceptions. The court may allow a party or attorney to communicate with jurors if all other parties are given notice and if the court sets conditions on allowed communication.

**District of Maryland**

(Local Rule 107.16 applies to criminal proceedings)

**Local Civil Rule 107. Trial**

16. Interviews of Jurors

Unless permitted by the presiding judge, no attorney or party shall directly or through an agent interview or question any juror, alternate juror or prospective juror with respect to that juror's jury service.

**Eastern District of Missouri**

**Rule 47 - 7.01. Jurors and Juries.**
(B) Communication with Jurors.
(1) Petit Jurors.
Petit jurors shall not be required to provide any information concerning any action of the petit jury, unless ordered to do so by the Court. Attorneys and parties to an action shall not, directly or indirectly, communicate with any petit juror, relative, friend or associate thereof at any time concerning the action, except with leave of Court. If an attorney or party receives evidence of misconduct by a petit juror, the attorney or party shall inform the Court, and the Court may conduct an investigation to establish the accuracy of the misconduct allegations.
(2) Grand Jurors.
Grand jurors shall not communicate with anyone except a judge, the Attorney General of the United States, the United States Attorney, or their assistants, concerning any matter before the grand jury. No one shall communicate with a grand juror concerning any matter before the grand jury except a judge, the Attorney General of the United States, the United States Attorney, or their assistants.

**Southern District of Ohio**

**47.1 COMMUNICATION WITH JURORS.**
No attorney, party, or anyone acting as agent or in concert with them connected with the trial of an action shall personally, or acting through an investigator or other person, interview, examine or question any juror with respect to the verdict or deliberations of the jury in the action except with leave of the Court.

**Eastern District of Oklahoma**

(Local Rule 47.1 applies to civil and criminal)

**Civil:**
**Rule 47.1:**
At no time, including after a case has been completed, may attorneys approach or speak to jurors regarding the case unless authorized by the Court, upon written motion.

**Eastern District of Tennessee**

**LR48.1 Jurors**

Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial. Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact. If the permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

**Eastern District of Texas**

**Civil:**
**LR CV-47 Selection of Jurors**
Communication with Jurors.
(a) No party or attorney for a party shall converse with a member of the jury during the trial of an action.
(b) After a verdict is rendered, an attorney must obtain leave of the judge before whom the action was tried to converse with members of the jury.

**Criminal:**
**LR CR-24 Trial Jurors**
(b) Communication with Jurors.
(1) No party or attorney for a party shall converse with a member of the jury during the trial of an action.
(2) After a verdict is rendered but before the jury is discharged from further duty, an attorney must obtain leave of the judge before whom the action was tried to converse with members of the jury.
(3) Nothing in this rule shall be construed to limit the power of the judge before whom an action is being or has been tried to permit conversations between jurors and attorneys.

**Northern District of Texas**

**Civil:**
**LR 47.1 Contact with Jurors.**

A party, attorney, or representative of a party or attorney, shall not, before or after trial, contact any juror, prospective juror, or the relatives, friends, or associates of a juror or prospective juror, unless explicitly permitted to do so by the presiding judge.

**Criminal:**
**LCrR 24.1 Contact with Jurors.**
A party, attorney, or representative of a party or attorney, shall not, before or after trial, contact any juror, prospective juror, or the relatives, friends, or associates of a juror or prospective juror, unless explicitly permitted to do so by the presiding judge.

**Southern District of Texas**

**Civil:**
**LR47. Juror Contact.**
Except with leave of Court, no attorney, party, nor agent of either of them may communicate with a former juror to obtain evidence of misconduct in the jury's deliberations.

**Criminal:**
**CrLR24.1. Juror Contact.**
Except with leave of Court, no attorney, party, nor agent of either of them may communicate with a former juror to obtain evidence of misconduct in the jury's deliberations.

**District of Vermont**

**Rule 83.5. Communication with Jurors**
Parties, attorneys, their agents and representatives shall not contact jurors before, during, or after a trial without first obtaining the written permission of the trial judge.

**Jurisdictions with Federal Death Sentence and No Local Rule Barring Post-Verdict Juror Contact**

Central District of California

District of Idaho

District of Massachusetts

Western District of Michigan

Western District of Missouri

District of North Dakota

Western District of Texas

District of South Carolina

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and the United States Court of Appeals for the Ninth Circuit, at whose direction the service by mail described herein was made to:

Vincent Quill Kirby
U.S. Attorney's Office - Phoenix, AZ
2 Renaissance Square
40 North Central Ave., Ste. 1200
Phoenix, AZ 85004-4408

A copy of: **APPELLANT'S STATUTORY ADDENDUM**

This certification is executed on May 11, 2012, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Lynn Evangelista