UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAR 19 2014
FILED
DOCKETED
DATE INITIAL

LEZMOND C. MITCHELL,

Petitioner/Appellant,

vs.

Case No. 11-99003

UNITED STATES OF AMERICA,

Respondent/Appellee.

D.C. No. 09-cv-08089-MHM
District of Arizona,
Phoenix

---

## MOTION SEEKING LEAVE OF THE COURT TO PROCEED PRO SE IN THESE APPELLATE PROCEEDINGS

The Petition Lezmond C. Mitchell, hereafter "Mitchell" acting pro se herein seeks leave of the Court to be relieved of counsel of record and to be granted the rights under well established law to represent himself in his capital habeas proceedings before the court. In support of such request and entitlement Mitchell does state the following:

### Mitchell Has Both A Constitutional And Statutory Right To Represent Himself In These Appellate Proceedings

A federal criminal defendant has both a constitutional and statutory right to proceed without counsel. Farette v. Califorina, 442 U.S. 806, 819, 96 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); 28 U.S.C. § 1654. It is beyond question that Mitchell has a vested constitutional entitlement to represent himself in all critical stages of his criminal proceedings. Iowa v. Tovar, 541 U.S. 77, 80-81, 124 S.Ct. 1397, 158 L.Ed.2d 209 (2004); see also United States v. Cronic, 466 U.S. 648, 653-54, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Despite the fact that the above authority dealt with a criminal defendant's rights to be represented

with counsel at all critial stages of a criminal proceedings, whereas it is just as well settled law that a defendant also has the right to "proceed without counsel when he voluntarily and intelligently elects to do so." Faretta, 422 U.S. at 807, 95 S.Ct. 2525, 45 L.Ed.2d 562. In Marshall v. Rogers, the Supreme Court reiterated and clarified that the Sixth Amendment guarantees a defendant "the right to counsel at all critical stages of the criminal processes,"quoting Tovar, supra at 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209, as well its concurrent promise of a "constitutional right to proceed without counsel when [a criminal defendant] voluntarily and intelligently elects to do so." id. at 185 L.Ed.2d 545.

Mitchell's request To Proceed Pro Is Voluntarily and Intelligently Made As Well As Unequivocally Made Satisfying Both Applicable Supreme Court And Circuit Authoritity

While "the Constitution does not force a lawyer upon a defendant, Faretta, 422 U.S. at 814-15 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)), it requires a defendant who wishes to waive his or her right to counsel do so unequivocally. See Adams v. Carrol, 875 F.2d 1441, 1444 (9th Cir. 1989). The Ninth Circuit Court of Appeals has empahsized that, "this principle of our circuit law should be readily followed". United States v. Mendez-Shanchez, 563 F.3d 935, 945 (9th Cir. 2009)(emphasis added to original).

The Ninth Circuit thoroughly clarified the right of a criminal defendant to represent themselves pro se and stated with perspicuity what is at stake in a defendant's constitutional right of doing so. The requirement that a self-representation demand be unequivocal follows from the nature of the dueling rights at stake in Faretta and the need to make a sensible accommodation of the individual and societal interest raised. Faretta itself makes clear the view that self-

representation in most cases will have a negative consequences. 422 U.S. at 834. But despite the potential ill-consequence of self-representation, we must permit it because our society's respect for individual dignity, once the individual has been fairly advised of the consequences and has made a knowing and intelligent decision. Because the exercise of self-representation cuts off the exercise of the right to counsel, often to the individual detriment, we recognize the right only when it is asserted without equivocation. Mendez-Sanchez, 563 F.3d at 946. With that said, to invoke an individual's Sixth Amendment right to proceed pro se, "a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request [but]... must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made." Dorman v. Wainwright, 789 F.2d 1358, 1366 (11th Cir. 1986)(habeas Case). Here Mitchell is "voluntarily and intelligently" invoking his Sixth Amendment right to proceed pro se in the appellate proceedings before the Court and his request is both "unequivocally and umambiguously" made and thereby should be readily granted by the court.

Mitchell's Faretta Motion Is Not A Dilatory Tactic

As previous noted that Mitchell has a Sixth Amendment right to represent himself in these appellate criminal proceedings. Faretta, 442 U.S. at 819-20. To invoke such fundamental constitutional right Mitchell's Faretta request cannot be made for delaying tactics. See United States v. Kizer, 569 F.2d 504, 507 (9th Cir. 1978); quoting Avita v. Roe, 298 F.3d 750, 753-54 (9th Cir. 2002). But the fact that minimal delay might result from granting Mitchell's Faretta motion is in itself insufficient, without more, to justify the motion's denial. Pruitt v. Piler, 178 Fed.Appx. 752, 754-55 (9th Cir. 2006). The Faretta motion presented by Mitchell will not in any foreseeable manner delay the appellate proceedings

pending before the court. Mitchell's Faretta motion is based on good faith assertions and is in no way a product of a dilatory tactic. Based on these considerations Mitchell Faretta motion should be granted. See United States v. Kaczynski, 239 F.3d 1108, 1116 (9th Cir. 2001); see also United States v. Flewitt, 874 f.2d 669, 675 (9th Cir. 1989).

The Circuit precedent has found 'front and center' in making determination of a defendant's Faretta motion whether the motion was made for dilatory reasons, or if the defendant self-representation request was voluntary, sincere and unambiguous. See Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir. 1990); quoting Pruitt v. Piler, 178 Fed.Appx. at 755. The record demonstrates that Mitchell has not vacillated in presenting his Faretta motion and he acknowleges that he is fully cognitive of the consequences of his requested self-representation. Thereby, demonstrating that Mitchell's self-representation request is not a dilatory tactic, but is made voluntarily, sincerely and unabmiguously the court should grant the same.

Mitchell's Faretta Motion Is "Voluntarily and Intelligently" Made And Thereby Should Be Granted

As previously noted that, "[t]he constitution does not force a lawyer upon a defendant." United States v. Mendez-Sanchez, 563 F.3d at 946. In recognizing that consideration, "[w]hen a defendant wishes to waive his or her right to counsel and does so unequivocally" the court should readily grant such right of self-representation. Sandoval v. Calderson, 241 F.3d 765, 744 (9th Cir. 2000). Both this Court and the Supreme Court have clarified with perspicuity that "the Sixth Amendment guaratee of right to counsel at all critical stages of the criminal processes," Tovar, supra, at 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209, "has a concurrent promise as well under the Sixth Amendment for a [criminal defendant] to proceed without counsel when elected to do so" and when such request is made voluntarily and intell-

igently. Farett, supra, at 807, 955 S.Ct. 2525, 45 L.Ed.2d 562; Pruitt v. Piler, 178 Fed.Appx. 754-55. Here Mitchell has elected to represent himself in the capital habeas appellate proceedings pending before the court, and based on well established law clarifying both his Sixth Amendment and statutory rights providing such entitlement Mitchell request that the court grant him such right of self-representation.

RESPECTFULLY SUBMITTED,

Lezmond C. Mitchell #48685-008
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Appellate/Pro Se

Certificate Of Service

The undersigned Lezmond C. Mitchell does attest that he mailed a true and correct copy of the foregoing instrument to: Vincent Q. Kirby, Assistant United States Attorney, Two Renaissance Square, 40 North Central Ave., Suite 1200, Phoenix, AZ 85004-4408 via first class mail, postage prepaid on this 13th day of March, 2014.

Lezmond C. Mitchell
declarant